HIPP, Respondent, v. PRUDENTIAL CASUALTY & SURETY
COMPANY OF ST. LOUIS, MISSOURI, Appellant.

(244 N. W. 346.)

(File No. 7330.   Opinion filed October 4, 1932.)

*Miller & Shandorf*, of Mitchell, for Appellant.
*Morgan & Eastman*, of Mitchell, for Respondent.

POLLEY, J. This is an appeal from a judgment for plaintiff in an action brought for the recovery of damages for injuries suffered by plaintiff in an automobile accident.

For some time prior to the 7th day of December, 1929, the Midway Transportation Company was operating a bus line over the public highway from Milbank through the city of Brookings to Mitchell. For some time prior to said 7th day of December, 1929, one John B. Moberg, as an employee of said company, was operating that portion of said bus line between Brookings and Mitchell, and on said date the Midway Transportation Company, by a contract in writing, sold to the said John B. Moberg that portion of said bus line and bus business, between Brookings and Mitchell, including one 1925 model, seven-passenger Packard automobile. Said Moberg took immediate possession of said bus line and equipment, and, without waiting for a permit from the Railroad Commission, continued to operate said bus line under the name of "Moberg Transportation Company." He made immediate application to defendant for an indemnity policy as required by the provisions of chapter 224, Session Laws 1925, as amended by Laws 1929, c. 180. Such policy was issued on the 11th day of December, 1929, and contained the following express provision: "Term of policy from December 11, 1929 noon." And an indorsement or rider atttached thereto contains this provision: "This policy covers only the following described automobiles and this endorsement cancels all previous endorsements referring to the description of motor vehicles," to-wit, one Packard 1925 model, seven passenger, sedan automobile.

On the 21st day of December, 1929, plaintiff desired passage over the said bus line, but there were more passengers than could be accommodated by the Packard automobile then being used by

Moberg, and described in the said insurance policy, and, in order to accommodate all who desired passage, the said Moberg borrowed another car—a five-passenger Packard automobile. Plaintiff was given a seat in this car. The car was driven by one Ray Duff, an employee of Moberg. While traveling along the road, the car upset and the plaintiff was severely injured. For the injuries so suffered, she brought suit, and recovered judgment, against Moberg and Duff for damages in a material amount. The judgment was not paid, and plaintiff brought this action against the defendant on the said insurance policy for the recovery of the amount of the judgment against Moberg and Duff. Judgment was for plaintiff, and defendant appeals.

Appellant contends that it is not liable in the case for the reason, First, because the policy of indemnity was not in force at the time of the accident; and, second, that the said policy did not cover the automobile in which plaintiff was riding at the time of the accident.

The first reason is based on the fact that at the time of the accident Moberg was not a licensed motor carrier, but was operating his bus line illegally and without a license or permit, and that the policy had not been approved by the board of railroad commissioners. Whether Moberg was operating his bus line illegally is not material. It is a fact that at the time of the issuance of the policy he was actually engaged in the operation of his bus line and was a motor carrier under the definition found in section 2, c. 224, Session Laws, 1925, as amended by section 1, c. 181, Session Laws of 1929. There is no provision of law, nor condition contained in the policy, to the effect that the same shall not take effect until it has been approved by the board of railroad commissioners, and it was in force by express terms from and after noon of the 11th day of December, 1929.

As to the second ground urged by appellants: It is true that the terms of the policy, if standing alone, would probably limit the coverage thereof to the particular automobile described therein, but to the policy is attached and made a part thereof a second indorsement or rider which contains the following provision: "It is agreed * * * that all of the requirements of Section 15 and Section 16 of Chap. 22, Session Laws of 1925 and acts amenda-

tory thereof, are hereby made a part of this policy of insurance, and that the rights of any person injured or suffering damages, either to person or property, as against the insurer shall be governed by the terms of said statutes, and that this policy of insurance shall cover that measure of protection to the public as contemplated by said statute herein referred to."

The effect of this provision in the policy is to incorporate therein sections 15 and 16 of chapter 224, Laws of 1925, together with any amendments thereto (chapter 180, Laws 1929), and those two sections not only become a part of the contract but the law of the contract as well. The purpose of the law requiring indenmity insurance in these cases is the protection of the public, and it shall be so construed, if it warrants such construction, as to provide that degree of protection to the public that is contemplated by the law.

"In construing a statute, it is proper to take into consideration the mischief sought to be remedied." Curtis v. Michaelson, 206 Iowa, 111, 219 N. W. 49, 52. The statute must be construed in its entirety and in view of the evident purpose and intention of the Legislature. Crozier v. Hawkeye Stages, 209 Iowa, 313, 228 N. W. 320.

To give this law the interpretation contended for by appellants would be to render it wholly nugatory. The law was enacted, not for the benefit of the insurance company nor for the benefit of the bus company, but for the sole benefit of the public. It is not the intent of the law to permit a bus company to insure certain specified vehicles used in its bus business and leave others uninsured. This would be providing protection for part of the patrons of the bus service and leaving the other part without protection. The intent of the law is that all shall be protected alike. The policies "shall be uniform" and cover the operations of the motor carrier, not specific vehicles used in the operations of the motor carrier.

"Such insurance shall cover the operations of each vehicle operated by the motor carrier."

Where the law itself constitutes a part of the contract as it does in this case, such portions of the contract shall prevail in case of conflict with other parts of the contract; therefore that

portion of the policy which attempts to limit the coverage of the policy to the particular vehicle described therein must give way to that provision of the policy which provides that the policy shall cover the operations of each vehicle operated by the carrier. This means all the vehicles operated by the carrier. Provisions in the policies that conflict with the statute should be treated as surplusage. A statute intended for public benefit is to be taken most strongly against those who claim rights or powers under it and most favorable to the public. Curtis v. Michaelson, supra, and cases cited. Again, the rider above referred to contains the provision: "That this policy of insurance shall cover that measure of protection to the public as contemplated by said statute herein referred to." There can be no question that it was the intent of the law that the protection furnished to the public should be uniform.

If appellant is right in its contention that the coverage of the policy should extend only to the particular vehicles designated in the policy, then the motor carrier could, by the substitution of vehicles other than those described in the policy, or by the use of additional vehicles as was done in this case, nullify the law and completely deprive the public of the protection the law intended it should have. Appellant cites and relies upon Murdo Township v. Townsend, 56 S. D. 576, 229 N. W. 935, and Thunder Hawk School District No. 8 v. Western Surety Co., 58 S. D. 312, 235 N. W. 921, in support of its contention that its liability is limited to loss or damages resulting from the operation of the particular vehicle described in the policy. Those cases involve a special clause inserted in a surety bond exempting the surety from liability for losses resulting from certain named causes. The exempting clauses do not conflict with any statute or statutory provision in the bond, but here the exempting clause is in direct conflict with the statute. The statute provides what the policy is to contain and makes the filing with the board of railroad commissioners of a policy as broad in its terms as the statute itself, a condition precedent to the issuance of a permit to operate a bus line. Sections 15 and 16, c. 224, Laws of 1925, as amended by Laws 1929, c. 180, provide that: "Before a certificate or permit shall be issued * * * such motor carrier shall file with the Board of Railroad Commissioners a good and sufficient bond and undertaking, which bond and un-

dertaking shall bind the obligors thereon to pay any final judgment rendered against such motor carrier arising out of any action for death of or injury to any passenger. * * * " ·

And it may also "secure and file with the Board, liability and indemnity insurance covering its operations as such motor carrier. * * * Such insurance shall cover the operation of each vehicle operated by the motor carrier." These provisions being incorporated into the policy and being the provisions of law governing the liability of the bus company, they should and do take precedence over any provisions inserted in the policy by the insurer.

By putting this construction upon the policy, it accomplishes the purpose the law intended it should serve. Adopting the construction contended for by appellant completely emasculates the law and makes the filing of the policy a wholly useless and purposeless proceeding.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.