165 So. 248

**SERVICE STAGES, Inc., v. CENTRAL SURETY & INS. CO.**

6 Div. 839.

Supreme Court of Alabama.

Jan. 16, 1936.

Merrill, Jones & Whiteside, of Anniston, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellee.

GARDNER, Justice.

Confessedly, as we read appellant's brief, the complaint discloses no liability to plaintiff, if the terms of the policy con-

tract are alone to be consulted, as under these stipulations the indemnity coverage embraces only bodily injury to persons and damage to property.

But the insistence is that the indorsement on the policy shows that it was issued in lieu of a bond and under the provisions of the Alabama Motor Carrier Act of 1931 (General Acts 1931, pp. 303, 312, § 13), and that the provisions of this act are therefore to be read into and form a part of the policy contract. The argument is therefore that, thus considered, liability to plaintiff is made to appear.

We have had occasion to review this act in the case of Fidelity & Casualty Co. of New York v. Nicholas W. Jacks, 165 So. 242,[1] this day decided, with particular reference to section 13 thereof, upon which plaintiff lays stress.

The effect of the holding was that it was the legislative intent to protect third persons doing business with the motor transportation company and the public concerned with the safety of the public highways being used by the insured in the conduct of its business as a common carrier, but that, as between the insured and the insurer, the parties were left free to contract uninfluenced by the provisions of said act. So construed, the act can be of no assistance to plaintiff in this case.

We are persuaded of the correctness of that construction, and adhere thereto, with no additional discussion deemed necessary. As under the terms of the contract sued upon no liability is made to appear, the trial court correctly ruled in sustaining the demurrer, and the judgment will accordingly be here affirmed.

Affirmed.

BOULDIN, BROWN, and FOSTER, JJ., concur.

