MARYLAND CASUALTY COMPANY, PLAINTIFF-RESPOND-
ENT, v. NEW JERSEY MANUFACTURERS CASUALTY
INSURANCE CO., DEFENDANT-APPELLANT, AND WIL-
LIAM H. BAIR TRUCKING COMPANY, HORACE KELLY,
SOUTH JERSEY PORT COMMISSION, OPERATING CAM-
DEN MARINE TERMINAL, DEFENDANTS, AND WIL-
LIAM CHERRY, DEFENDANT-RESPONDENT.

Argued September 8, 9, 1958—Decided October 6, 1958.

18

Mr. *Carl Kisselman* argued the cause for defendant-appellant (*Messrs. Kisselman, Devine & Deighan,* attorneys; Mr. *Peter J. Devine, Jr.,* of counsel).

Mr. *S. P. McCord* argued the cause for plaintiff-respondent, Maryland Casualty Company (*Messrs. Starr, Summerill & Davis,* attorneys; Mr. *S. P. McCord, Jr.,* of counsel).

Mr. *Albert B. Melnik* argued the cause for defendant-respondent, William Cherry (*Messrs. Hermann, Melnik and Lowengrub,* attorneys; Mr. *Albert B. Melnik,* of counsel).

The opinion was delivered

PER CURIAM. The trial court entered judgment in favor of defendant insurance carrier. 43 *N. J. Super.* 323 (*Law Div.* 1957). The Appellate Division reversed, 48 *N. J. Super.* 314 (*App. Div.* 1958), and we granted defendant's petition for certification. 26 *N. J.* 301 (1958).

The facts appear in the opinion of the Appellate Division.

The sole question defendant presses before us is whether the claim by Kelly (employee of the named insured) against Cherry (employee of the South Jersey Port Commission and conceded by defendant to be an additional insured under the "omnibus" clause) falls within the following exclusion:

"This Policy Does Not Apply:
*       *       *       *       *       *       *       *
(d) under coverages A and C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of *the insured* or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law;
(e) under coverage A, to any obligation for which *the insured* or any company as his insurer may be held liable under any workmen's compensation law; * * *" (Emphasis added.)

Defendant contends the sense of this exclusion to be that a claim for bodily injury to an employee of an insured is beyond the coverage whether or not an employment status existed between the claimant and the insured who injured him. Defendant would thus construe "the insured," italicized in the foregoing quotation, to mean *"any* insured," or at least "the *named* insured" for the purposes of the present case. The Appellate Division, after full consideration of the conflicting authorities elsewhere, interpreted the exclusion to apply only to a claim by an employee of that insured (named or additional) who seeks protection under the policy, and hence to be inapplicable where, as here, the relationship of employer and employee does not exist between the litigants.

We agree with the Appellate Division's treatment of this issue, and add that its conclusion is buttressed by the following which appears in "Definition of Insured":

"The insurance with respect to any person or organization *other than the named insured* does not apply:
*       *       *       *       *       *       *       *
"(b) to any employee with respect to injuries to or sickness, disease or death of *another employee of the same employer* injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer." (Emphasis added.)

This provision would be wholly superfluous if the exclusion first quoted above had the import which defendant urges. The quoted portion of the "Definition of Insured" presupposes that in its absence the remaining provisions of the policy would cover a claim for bodily injury asserted by an employee

against another employee if such other employee is otherwise within the definition of "insured."

Defendant suggests that the quoted portion in the "Definition of Insured" was prompted by erroneous judicial interpretation of the exclusion provision first quoted above and cites *American Fidelity & Casualty Co. v. St. Paul-Mercury Indemnity Co.,* 248 *F. 2d* 509, 517 (5 *Cir.* 1957), for that thesis. The answer is that the language chosen, far from spelling out the view which defendant advances, implicitly accepts the contrary view of the exclusion provision and upon that premise carves out the limited situation of claims between employees of the same employer as there described. In short, if the provision quoted from the "Definition of Insured" had the origin defendant asserts, it quite clearly evidences the carrier's acceptance of prior judicial construction of the basic exclusion in harmony with the Appellate Division's view of it.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*For reversal*—None.