123 So.2d 920

**MICHIGAN MUTUAL LIABILITY CO.**

v.

**Eugene D. CARROLL et al.**

**6 Div. 433.**

Supreme Court of Alabama.

Sept. 8, 1960.

Rehearing Denied Nov. 17, 1960.

Jas. E. Clark and London, Yancey, Clark & Allen, Birmingham, for appellant.

Cabaniss & Johnston and Leigh M. Clark, Birmingham, for appellee American Fidelity & Cas. Co.

Rives, Peterson, Pettus & Conway, Birmingham, for appellee Carolina Cas. Ins. Co.

SIMPSON, Justice.

Bill for declaratory judgment. This is an appeal by Michigan Mutual Liability Company, the complainant in the court below, from an adverse ruling by the trial court sustaining demurrers of the respondents to the bill of complaint.

■ There seems to be no factual controversy presented by the pleadings. Only questions of law are presented for decision and counsel have argued the case on the basis that a decision will settle the controversy and are desirous of a final decision on demurrer. The court will, therefore, proceed accordingly. Shew v. City of Gadsden, 265 Ala. 253, 90 So.2d 768; Darling Shop of Birmingham v. Nelson Realty Co., 255 Ala. 586, 52 So.2d 211; Ala.Dig. 7A, Declaratory Judgments, ☞325.

The facts shown by the bill are: On November 24, 1955, at the terminal of B & M Express, Inc. (hereinafter referred to as B & M) Carroll, an employee of A. A. A. Motor Lines, Inc. (hereinafter referred to as Triple A) was injured in an accident which occurred during the loading of a motor transport truck belonging to Triple A caused by the negligence of an employee of B & M. Carroll brought suit against B & M for the injuries that he sustained. Michigan Mutual Liability Co. (hereinafter referred to as Michigan), the public liability carrier for B & M, defended the action and later paid a consent judgment to Carroll on behalf of B & M.

The complainant, Michigan, contends B & M is entitled to the benefits of insurance protection not only from Michigan, as its public liability carrier, but also from the American Fidelity and Casualty Co. (hereinafter referred to as American), as its automobile insurer, and from Carolina Casualty Ins. Co. (hereinafter referred to as Carolina), as the carrier covering the motor vehicle owned by Triple A, which was in the process of being loaded by the employee of B & M when the injury to Carroll occurred.

The right through which Michigan seeks its claims is by reason of the subrogation stipulations contained in the Michigan policy with B & M. More specifically, this right of subrogation appears under Chapter 13 of the Michigan policy wherein it is stated:

> "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization * * *."

As to that phase of the case concerning the extent of coverage under the Carolina policy, the following provisions are pertinent:

"I.

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"III.

"With respect to the insurance for bodily injury liability * * * the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission.

"This policy does not apply:

"(d) * * * to bodily injury to * * * any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law.

"(e) * * * to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law."

Appellant maintains that B & M is an additional insured under Clause I of the policy as set out above. This point is not controverted by Carolina; both sides agree that loading the truck constituted "use of the automobile". It is the position of Carolina that even if in so loading the truck, B & M was "using" the truck, there is no coverage where the injury is to an employee of the "insured", which is defined in Clause III of the policy to include the named insured, and since Carroll was an employee of the "named insured", there is no coverage. Appellant contends further that the term "insured" in the exclusion clause is ambiguous, since it can be construed to mean, not only the named insured, but also the insured claiming protection under the policy—in this case the named insured. If the policy is then ambiguous, appellant states, it must be construed in a manner favorable to the insured, i. e., "insured" meaning the insured claiming protection under the policy.

Appellant bases its claim against American, the automobile insurer of B & M, on the following clauses in American's policy:

> "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

Under Item 4 of the policy, there is space for description of the automobile that

is to be covered under the policy. In this space is found the notation "Description of Equipment Waived".

Item 5 of the policy provides "The purposes for which the automobile is to be used are  See endorsement ." The endorsement reads as follows:

"It is understood and agreed hereunder that Item 5 of the undermentioned policy hereby reads as follows:

" 'Transportation of merchandise for compensation over route within the Continental United States.' "

Item 5(c) of the policy provides:

"Use of the automobile for the purposes stated includes the loading and unloading thereof."

Appellant asserts that loading the truck owned by Triple A by an employee of B & M is "use" of the automobile as contemplated in the coverage clause of Item 5 and 5(c) above, extending coverage under the American policy to the accident in question. Appellant seeks to avoid the fact that the truck in question was neither owned nor leased by the insured on the grounds that the description of the equipment covered was waived and that there was no provision in the policy which said that vehicles to be covered had to be either owned or leased by the insured.

The final contention of the appellant, applying to both appellees, arises under Code of Alabama 1940, Tit. 48, § 301(16) as amended, which provides that a carrier in order to secure a certificate must file insurance policies (or other evidences of security) conditioned to pay any judgments against the carrier "resulting from the negligent operation, maintenance, or use of motor vehicles under certificate or permit". Both the American and Carolina policies were filed with the Public Service Commission pursuant to this act. It is the appellant's contention that in filing these policies neither Carolina nor American may rely on any exclusions or conditions that would defeat the purposes of the statute, which is the protection of the public.

The trial court in its decree sustained the demurrer of each appellee separately and severally to the bill of complaint as a whole and to each and every aspect thereof. Appellant rests its appeal here on the contention that insofar as Carolina is concerned "the employee of the insured" exclusion has no force and effect to deny coverage to B & M, and that insofar as American is concerned, by waiving the description of the vehicle, it granted coverage to B & M even when they were using a truck belonging to Triple A.

These questions are then before the court:

## I.

Where an additional insured under a public liability policy negligently injures the employee of the named insured, is the additional insured prevented from claiming coverage under the policy because of a provision in the policy which excludes from coverage all injuries to an employee of the "insured"?

## II.

In an automobile liability policy which expressly waives description of the vehicles covered, is the unloading of a vehicle by employees of the insured "use" of the vehicle for the stated purpose of "transportation of merchandise for compensation" even though the vehicle being unloaded is not owned or leased by the insured?

## III.

Does Tit. 48, § 301(16), Code of Alabama 1940 as amended bring under the coverage of the policies of American and Carolina the accident in question?

## I.

Interpretation of the employee exclusion clause to determine what is meant by the term "employee of the insured" seems to be

a question of first impression in Alabama. The decisions of those states that have been presented with the problem are irreconcilably contradictory. See Annotation, 50 A.L.R.2d 78, 97, § 6(a); 7 Appleman, Insurance Law and Practice, § 4413.

Appellant urges that the phrase "employee of the insured" is ambiguous and should be construed most favorably to the insured. The favorable construction that is sought by the appellant is to construe the phrase to mean "employee of the insured against whom suit is being brought". In this contention we cannot concur.

■ The policy provision is not ambiguous and the policy has gone to considerable lengths to define what is meant by the word "insured". In Clause III of the policy it is stated, "The unqualified word 'insured' includes the *named insured and also any person while using the automobile"*. (Emphasis supplied.) The meaning is clear: Carroll was an employee of the named insured; there is no coverage under the policy for injury to employees of the insured; the named insured was defined by the parties to come within the unqualified term "insured".

■ Contracts of insurance, like any other contract, must be construed to give effect to the intention of the parties. If the terms used are clear and unambiguous, there is no need for construction. Ambiguities will not be inserted, by strained and twisted reasoning, into contracts where no such ambiguities exist. Chemstrand Corp. v. Maryland Casualty Co., 266 Ala. 626, 98 So.2d 1; McDowell v. United States Fidelity & Guaranty Company, 260 Ala. 412, 71 So.2d 64; Aetna Casualty Insurance Company v. Chapman, 240 Ala. 599, 200 So. 425; Moore v. Bankers' Credit Life Insurance Company, 223 Ala. 373, 136 So. 798.

In the case of Travelers Insurance Company v. Ohio Farmers Indemnity Company, D.C.W.D.Ky., 157 F.Supp. 54, the court was called on to construe a similar clause in a case arising on identical facts with the instant case. The court viewed the clause in the same manner we do. The Sixth Circuit in affirming the decison of the District Court said:

> "There is no ambiguity in the exclusion clause of defendant's policy and no inconsistency is shown between this and other clauses of the instrument. It does not require construction. All that is required is enforcement according to the terms clearly expressed in the instrument." 262 F.2d 132, 133.

A considerable number of cases concur in this view and have refused to allow an additional insured to claim coverage for injuries to an employee of the named insured. American Fidelity & Casualty Company v. St. Paul-Mercury Indemnity Company, 5 Cir., 248 F.2d 509; Travelers Insurance Company v. Ohio Farmers Indemnity Company, D.C.W.D.Ky., 157 F. Supp. 54, affirmed 6 Cir., 262 F.2d 132; Continental Casualty Company v. Pierce, 170 Miss. 67, 154 So. 279; Standard Surety & Casualty Company of New York v. Maryland Casualty Company, 281 App.Div. 446, 119 N.Y.S.2d 795, certiorari denied, 281 App.Div. 1069, 121 N.Y.S.2d 767, rehearing denied, 281 App.Div. 1075, 122 N.Y.S.2d 415; Walls v. Gaines, 46 Pa.Dist. & Co.R. 327; Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725; Associated Indemnity Corp. v. Wachsmith, 2 Wash.2d 679, 99 P.2d 420, 127 A.L.R. 531; Utah-Idaho Sugar Company v. Washington Farm Mutual Insurance Company, 53 Wash.2d 825, 331 P.2d 538.

There exists a closely analogous situation to the case at hand under certain automobile liability policies wherein bodily injury to "any member of the family of the insured residing in the same household as the insured" is excluded from coverage. The cases have held that a person outside the family of the named

insured, although qualifying as an additional insured, cannot claim protection under the policy for injury to a member of the family of the named insured. Johnson v. State Farm Mutual Automobile Insurance Company, 8 Cir., 252 F.2d 158; Pearson v. Johnson, 215 Minn. 480, 10 N.W.2d 357; Kirk v. State Farm Mutual Automobile Insurance Company, 200 Tenn. 37, 289 S.W.2d 538.

Admittedly there is a divergence of opinion on this question. Appellant cites and relies on such cases as Kaifer v. Georgia Casualty Co., 9 Cir., 67 F.2d 309; New v. General Casualty Company of America, D.C.M.D.Tenn., 133 F.Supp. 955, but see Kirk v. State Farm Mutual Automobile Insurance Company, supra; Pullen v. Employers' Liability Assurance Corporation, 230 La. 867, 89 So.2d 373; Motor Vehicle Casualty Co. v. Smith, 247 Minn. 151, 76 N.W.2d 486; Maryland Casualty Co. v. New Jersey Manufacturers Casualty Insurance Co., 48 N.J.Super. 314, 137 A.2d 577, affirmed, 28 N.J. 17, 145 A.2d 15; McMann v. Faulstich, 259 Wis. 7, 47 N.W. 2d 317; Travelers Insurance Company v. American Fidelity & Casualty Co., D.C. Minn., 164 F.Supp. 393 (applying Wisconsin law); Sandstrom v. Clausen's Estate, 258 Wis. 534, 46 N.W.2d 831. Conceding that these cases may support the interpretation contended for by the appellant, we are constrained to disagree with the conclusion reached by these courts, nor are we pursuaded by their reasoning in reaching that conclusion. We, therefore, think the rationale of the opposing cases to announce the sounder theory.

Appellant places great reliance upon the case of Pleasant Valley Lima Bean Growers and Warehouse Ass'n v. Cal-Farm Insurance Company, 142 Cal.App.2d 126, 298 P.2d 109, 113. The exclusion clause in the Pleasant Valley case also excluded "any obligation for which the insured * * * may be held liable under any workmen's compensation law". The exclusion in the Carolina policy refers to workmen's compensation only if the injured employee is engaged in domestic employment. Carolina Casualty's workmen's compensation exclusion is under a distinct exclusion lettered (e). This difference is important because the court in the Pleasant Valley case held the exclusion to apply only where there is liability on the part of the insured under the workmen's compensation laws. 142 Cal.App.2d at page 134, 298 P.2d at page 114. Since the Carolina policy has a separate and distinct exclusion relative to workmen's compensation obligations, it cannot be ruled that it was the intention of the parties that exclusion (d) was to apply only to one liable for workmen's compensation benefits when the parties included such a separate and distinct exclusion dealing with workmen's compensation liability. Consequently, the reasoning of the Pleasant Valley case, as well as the similar case of Greaves v. Public Service Mutual Insurance Co., 4 A.D.2d 609, 168 N.Y.S.2d 107, is inapposite.

The case of Farm Bureau Mutual Automobile Ins. Co. v. Smoot, D.C.S.D.W.Va., 95 F.Supp. 600, is also distinguishable from the instant case. The court's basis for decision is indicated by the following:

"The policy was issued in the disjunctive to James F. Smoot *or* Denny Smoot. Properly interpreted, this was a . coverage afforded to either or each of the persons named. With reference to the rights and liabilities of insurer and insured the policy must be read as though it were two separate policies * * *." 95 F.Supp. 600, 603.

Of similar import is the case of Ginder v. Harleysville Mut. Casualty Co., D.C.E.D. Pa., 49 F.Supp. 745, affirmed, 3 Cir., 135 F.2d 215 where the policy was issued to two named insureds.

## II.

■ It is generally recognized that a motor vehicle is covered by an insurance

policy only when it is being used for the purposes declared therein or a use incidental thereto. Farm Bureau Mut. Automobile Ins. Co. v. Daniels, 4 Cir., 104 F.2d 477; Sunshine Mutual Insurance Co. v. Addy, 72 S.D. 634, 38 N.W.2d 406, 10 A.L.R.2d 670; 45 C.J.S. Insurance § 829 (b). The purpose stated in the American policy is "transportation of merchandise for compensation over route within the Continental United States". Clause (c) of Item 5 says that loading the automobile is included in the term "use".

■ If the truck being loaded had been owned or leased by the insured, B & M, it could be plausibly asserted that this loading was a use incidental to the stated purpose. The problem arises when the truck being loaded is owned or leased by another to be used by such other for the transportation of merchandise. If, and only if, the loading of Triple A's truck can be considered incidental to the stated purpose in the American policy can coverage be said to exist under that policy. We are not persuaded that the loading of Triple A's truck can be considered incidental to the stated purpose of transportation of merchandise by B & M. If the use be incidental to transportation of merchandise, it is incidental to transportation of merchandise by Triple A, not B & M. In none of the cases cited by appellant, illustrating certain uses which have been held to be incidental to a stated purpose, was the incidental use as remote as in the case before us.

■ The fact that the description of the equipment was waived is of no consequence here. By so waiving description, American did not insure every motor vehicle in the United States, but only those used by B & M for the "transportation of merchandise for compensation over route within the Continental United States" or any use sufficiently incidental to that purpose.

III.

■ Appellant relies on the case of Fidelity & Casualty Company of New York v. Jacks, 231 Ala. 394, 165 So. 242, as supporting its contention that Code of Alabama 1940, Tit. 48, § 301(16) serves to extend coverage under the American and Carolina policies to the accident in question. We regard this contention as, also, without merit.

In the Jacks case an insurer was liable under a motor carrier's public liability policy containing a rider stating that the policy was issued pursuant to the statute. This was true even though the injuries to the plaintiff occurred through the negligent operation by the insured of a truck not described in the policy, notwithstanding a provision in the policy that vehicles in addition to those described in the policy were not covered. In the Jacks case this court made clear that the Motor Carrier Act was for protection of the public and that neither exclusions nor breach of conditions could be relied on by the insurer to defeat the purposes of the statute. In that case the policy of insurance incorporated by reference the terms of the Motor Carrier Act (basically the present Code of Alabama 1940, Tit. 48, § 301[16]). In the American and Carolina policies there were no such provisions. It is not before us to decide whether failure to specifically incorporate the Act in the policy is material where the suit is by a member of the general public, the group sought to be protected under the Act against the insurer. Here the purposes of the Act have already been served; Carroll, a member of the public, has received payment for his injuries. The dispute here is between the insurer, Michigan Mutual and the insurers, American and Carolina. In the case of Service Stages v. Central Surety and Ins. Co., 231 Ala. 417, 165 So. 248, we held that as between the insured and the insurer the parties could contract uninfluenced by the pro-

visions of the Act. B & M contracted with American, without incorporating the Act into the policy contract. In a like manner Triple A contracted with Carolina and B & M, as an additional insured, is in the same position as Triple A under the Carolina policy. Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725. Having contracted without incorporating the Act into the policies, B & M (and by way of subrogation Michigan Mutual) is bound by the terms of the policies without reference to the Act.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.