AUTO RACING, INC., a corporation,
Appellant,

v.

CONTINENTAL CASUALTY COMPA-
NY, a corporation, and Earl F.
Mahoney, Appellees.

No. 6879.

United States Court of Appeals
Tenth Circuit.

May 23, 1962.

H. Dale Cook, Oklahoma City, Okl.
(Butler, Rinehart & Morrison, Okla-
homa City, Okl., on the brief), for ap-
pellant.

Clayton B. Pierce, Oklahoma City, Okl.
(Pierce, Mock, Duncan, Couch & Hen-
drickson, Oklahoma City, Okl., on the
brief), for appellee.

Before MURRAH, Chief Judge, and
PICKETT and HILL, Circuit Judges.

HILL, Circuit Judge.

The facts of the case are ad-
mitted and stipulated. Continental Cas-
ualty Company, one of the appellees, is-
sued a policy of liability insurance to
appellant, Auto Racing, Inc., a corpora-
tion, and others, whereby it agreed to
pay all sums Auto Racing, Inc., should
become legally obligated to pay arising
out of certain racing events. Later, by
endorsement and the payment of an ad-
ditional premium, the Oklahoma State
Fair Association became an additional
insured. Appellee, Earl F. Mahoney, an
employee of Oklahoma State Fair As-
sociation, while performing tne duties
of his employment, was injured when
struck by a racing car belonging to Auto
Racing, Inc., and has made claim by court
action against it for damages. Auto
Racing, Inc., made demand on Conti-
nental Casualty Company to defend such
suit. Such demand was refused and
Continental Casualty Company thereup-

on brought this action below for a declaratory judgment.

The narrow question presented concerns the interpretation of an exclusionary clause contained in the policy of liability insurance.[1]

The trial court held the pertinent provisions of the policy to be unambiguous and Mahoney to be a person "employed on or about the premises" within the meaning of the exclusionary clause.

The policy of insurance before the trial court, as Exhibit A, contains other pertinent provisions. It is characterized as providing "Special events liability insurance." Under the heading "Declarations" the original insureds are named and "Additional Insureds as specifically shown in each endorsement, as their respective interests may appear." Also, under this heading, it recites "Name and location of premises covered: Various, as specifically endorsed thereon." Endorsement No. 19 recites the payment of an additional premium in the total amount of $1200.00, the naming of Oklahoma State Fair Association as an additional insured, the location of the premises covered to be the Fair Grounds, Oklahoma City, Oklahoma, and insuring for a period of five days. It also appears important to note that the exclusionary clause refers particularly to participants, pit attendants, stewards, officials, owners, mechanics, flagmen and policemen. These specific exclusions are in addition to "all persons employed on or about the premises," and all persons excluded are outside of the class known as the general public.

The appellant first contends that the exclusion phrase "employed on or about the premises" pertains only to employees of Auto Racing, Inc., the original insured, and not to persons employed by the additional insured, Oklahoma State Fair Association. The appellant cites New v. General Casualty Company of America, D.C., 133 F.Supp. 955; Michigan Mutual Liability Co. v. Carroll, 271 Ala. 404, 123 So.2d 920; American Fidelity & Casualty Co. v. St. Paul-Mercury Indem. Co., 5 Cir., 248 F.2d 509; Cimarron Insurance Co. v. Travelers Insurance Co., 224 Or. 57, 355 P.2d 742; and Kaifer v. Georgia Casualty Co., 9 Cir., 67 F.2d 309, in support of that proposition. In each case, however, an automobile liability policy excluded coverage for injuries to "employees of the insured." Since there was a named insured and an insured not named, the court found the clause "employed by the assured" ambiguous. There was a question whether the clause applied to the named or general classification of insured not named, or both. The courts then proceeded to apply well-known rules of construction. A careful reading of the cases cited to support this position convinces us that they are not applicable to our situation. To us it is obvious that under the plain and understandable meaning of the exclusion clause, Mahoney, the injured person, was "employed on or about the premises" within the meaning of the exclusion clause.

Appellant then argues if the clause does not exclude only its own employees it is ambiguous and, therefore, the court must resolve the ambiguity in favor of the insured. The lower court expressly found that the clause was not ambiguous and with this finding we readily agree. A reading of the clause makes it clear to us that it is without ambiguity and neither the lower court nor this court has authority to rewrite the terms of the insurance contract, in order to arrive at a conclusion more favorable to the insured than the plain language of the contract permits. Campbell v. American Farmers Mutual Insurance Co., 8 Cir., 238 F.2d 284, 288.

It is settled law that the primary purpose of an exclusion clause in a pub-

1. "Exclusions
   "This policy does not apply:
   "(a) to injury to or death of participants, pit attendants, stewards and other officials and all persons employed on or about the premises, including car owners, mechanics, flagmen, and policemen."

lic liability policy, such as we have here under consideration, is to draw a sharp line between employees who are excluded and members of the general public. State Farm Mut. Automobile Ins. Co. v. Braxton, 4 Cir., 167 F.2d 283, 285. There can be no question but that the purpose was to apply the exclusion to employees of an additional insured as well as to those of the named insured. Lumber Mutual Casualty Ins. Co. of New York v. Stukes, 4 Cir., 164 F.2d 571. The purpose of the exclusion clause is to limit coverage of liability for injury to members of the general public and to exclude liability to employees of the insured. See State Farm Mut. Automobile Ins. Co. v. Brooks, 8 Cir., 136 F.2d 807, cert. den. 320 U.S. 768, 64 S.Ct. 80, 88 L.Ed. 459.

The judgment of the trial court is affirmed.