417 So.2d 568 (1982)
TRANSPORT INDEMNITY COMPANY, a Corporation
v.
Kenneth Parker WYATT, Sr., et al.
81-159.
Supreme Court of Alabama.
July 23, 1982.
Bibb Allen of London, Yancey, Clark & Allen, Birmingham, for appellant.
Jack B. Porterfield, Jr., and William T. Mills, II, of Porterfield, Scholl, Clark & Harper, Birmingham, for appellees.
SHORES, Justice.
This is a declaratory judgment action.
The facts in this case are stipulated. Kenneth Wyatt, Sr., was hurt while in the line and scope of his employment with Deaton, Inc., in binding a load on a truck. He filed actions against several defendants, all of whom are either executive officers or directors of Deaton, Inc., and charged the defendants with various acts which contributed to his injury. The employees sued are the appellees in this case.
The employees claim the benefits of an insurance contract written by appellant Transport Indemnity Company, which was in full force and effect at the time of the accident. The policy specified Deaton, Inc., as the named insured and "any executive officer or director of a corporate named insured."
The provisions of the policy pertinent to this appeal were:

"PART ONE

"DEFINITIONS
". . . .
"II. INSURED The word `INSURED' shall mean the NAMED INSURED and *569 any other person, firm, or organization to whom insurance protection has been extended under the policy or made so by any provision of law. The word INSURED shall also include, as respects Coverage Clauses I, II, III, IV, V and VI of Part Two, any executive officer or director of a corporate NAMED INSURED or a partner of a partnership NAMED INSURED while he is acting within the scope of his duties as such or insofar as he is or may be liable by reason of his occupying such position.
". . . .
"PART ONE
"INSURING AGREEMENTS
"I. COVERAGE CLAUSEBODILY INJURY The Company will pay on behalf of the INSURED all sums which the INSURED shall become legally obligated, by contract or otherwise, to pay as DAMAGES for BODILY INJURY caused by an OCCURRENCE to which this insurance applies and arising out of the occupation of the NAMED INSURED as stated in the Declarations.
". . . .
"EXCLUSIONS
"This insurance does not apply:
". . . .
"B. To any OCCURRENCE which caused BODILY INJURY to any employee of any INSURED arising out of or in the course of his employment by any INSURED, except:
"(1) Liability the NAMED INSURED may have with respect to BODILY INJURY to any employee of any INSURED other than the NAMED INSURED.
"(2) Liability assumed under written contract (except agreement between the NAMED INSURED and any employee or his representative) by the NAMED INSURED from others for whom the NAMED INSURED performs a service, with respect to BODILY INJURY to an employee of the NAMED INSURED which occurs in performing such service.
". . . .
"D. To any OCCURRENCE arising out of or due to loading or unloading of any AUTOMOBILE or MOBILE EQUIPMENT which causes BODILY INJURY, provided that this limitation does not apply with respect to claims made or suits brought against:
"(1) The NAMED INSURED.
"(2) An INSURED to whom coverage has been extended by endorsement as if he were a NAMED INSURED.
"(3) Any executive officer or director of a corporate NAMED INSURED or a partner of a partnership NAMED INSURED while he is acting within the scope of his duties as such or insofar as he is or may be liable by reason of his occupying such position.
". . . .
"PART FOUR
"CONDITIONS"
". . . .
"D. COMPANY'S LIMIT OF LIABILITY The total liability of the Company for all DAMAGES sustained as the result of any one OCCURRENCE shall not exceed the Limit of Liability stated in the Declarations as applicable to each OCCURRENCE. DAMAGES arising out of exposure to substantially the same general conditions shall be considered as arising out of one OCCURRENCE.
"E. SEVERABILITY OF INTERESTS The Company's Limit of Liability shall not be increased by or because more than one INSURED is involved."
Transport denied coverage and filed a bill for declaratory judgment.
In its final decree, the court stated in pertinent part:
"The Court was presented with three issues for determination:

*570 "(1) Whether the provision in the Transport Indemnity Company policy of insurance issued to Deaton, Inc. entitled SEVERABILITY OF INTERESTS operates to extend coverage to those individual defendants named in civil action # CV-79-03479.
"(2) Whether exclusion D in Part II, (1) of said policy of insurance is ambiguous so as to accord coverage to those named individual defendants.
"(3) Whether exclusion B in Part II, (1) of said policy of insurance is ambiguous so as to accord coverage to those named individual defendants.
"The Court finds as follows:
"(1) The Severability of Interests provision provides as follows:

"SEVERABILITY OF INTERESTS
"The Company's limit of Liability shall not be increased by or because more than one INSURED is involved.
"The Court finds United States Fire Insurance Co. v. McCormick, 286 Ala. 531, 243 So.2d 367 [376] (1970) to be controlling as to coverage with regard to the individual defendants. The word `INSURED,' as used in the subject provision means only the person claiming coverage and, as such, the term is used severally and not collectively. The provision, accordingly, does not limit coverage, but may limit liability.
"The Court finds that each insured has coverage except with respect to his own employees. The facts as stipulated state that Wyatt, the Plaintiff in the action at law, was employed by Deaton, Inc. He was not, therefore, employed by the individual Defendants.
"(2) Exclusion D, as aforesaid states that the insurance does not apply to any occurrence arising out of or due to the loading or unloading of automobiles or mobile equipment. This limitation does not apply with respect to claims made or suits brought against any executive officer or director of a corporate named insured. The Court finds these provisions to be inconsistent with those of Exclusion B of Part II(1) which attempt to exclude any bodily injury to any employee arising out of the course of his employment. Resolving the ambiguity in favor of the insureds, the Court finds that they have coverage under the policy.
"(3) The plaintiff has made much of the language found in Exclusion B of Part II(1) of the Transport Indemnity policy. That provision reads, in part, as follows:
"This insurance does not apply: ... To any OCCURRENCE which caused BODILY INJURY to any employee of any INSURED arising out of or in the course of his employment by any INSURED....
The Plaintiff contended that the use of the language `any employee of any INSURED' was intended by the parties to make collective the type of occurrence for which there would be no coverage. The Court has already disposed of this argument in part I of this Decree. Nevertheless the term `any INSURED' is ambiguous on its face in that a fair construction thereof could be that it refers to `any one of the insureds,' and hereby finds United States Fire Ins. Co. v. McCormick to be controlling and further finds in favor of the individual Defendants as to coverage.
"Accordingly, it is CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court as follows:
"ONE: The individual Defendants, if insureds under the Transport Indemnity policy, are entitled to the coverage of the Plaintiff Insurance Company and the Plaintiff insuror is obliged to defend said Defendants in Civil Action CV-79-03479 in the law-side of this Court and to pay any judgment that might be rendered against the said Defendants in said case within the limits of the subject policy."[*]
*571 Transport then filed this appeal. We affirm.
Transport argues that the trial court was in error in determining that United States Fire Insurance Company v. McCormick, supra, is controlling, and for several reasons. First, it argues that while in McCormick the exclusion provision excluded coverage where the injured person was employed by the insured, this case is different because this policy uses the words "employment by any insured."
Second, it argues that this case does not contain the same type of severability of interest clause as was found in McCormick. Therefore, Transport argues, the case that should be controlling is Michigan Mutual Liability Company v. Carroll, 271 Ala. 404, 123 So.2d 920 (1960). In Carroll, the Court, after reviewing a policy which did not contain a severability of interest clause, determined that where a person who qualified under the policy as an additional insured injured an employee of the policy's named insured, the additional insured was prevented from claiming coverage because of an exclusion provision which contained the words "employee of the insured." The court found that Clause III of the policy which stated, "[t]he unqualified word `insured' includes the named insured and also any person while using the automobile," provided for a broader application than just to mean "employee of the insured against whom the suit is being brought." We cannot agree that Carroll is controlling under these facts.
The policy in McCormick contained a provision which provided:
"8. Severability of Interests. The term `the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."
The policy in this case provided:
"E. Severability of Interests. The Company's limit of liability shall not be increased by or because more than one insured is involved."
We are persuaded that this provision, although somewhat ambiguous, is analogous to that in McCormick in that its purpose is to limit liability but is in no way designed to limit coverage under the policy.
We also agree with the trial court that the term "any insured" in Exclusion B of Part II of the policy is ambiguous. The wording could be interpreted either to mean only singularly "any one of the insureds" or could apply collectively to the whole group of insureds. We also agree with the trial court that Exclusion D, when read along with Exclusion B of Part II(1), also creates ambiguity in determining the extent of coverage.
"It is a general rule of construction that exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage for the insured. Further, such exceptions must be construed most strongly against the company drafting and issuing the policy."
Employers Insurance Company v. Jeff. Gin Company, 378 So.2d 693, 695 (Ala.1979). Also, "[i]t is axiomatic that, if a policy is subject to more than one interpretation, it is to be construed to afford coverage and against the insuror." Miles v. St. Paul Fire and Marine Insurance Company, 381 So.2d 13, 14 (Ala.1980).
For the foregoing reasons, the trial court's judgment is due to be affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C. J., concurs specially.
TORBERT, Chief Justice (concurring specially).
I concur specially because I am not persuaded that the severability of interests clause in the insurance contract is pertinent to a decision in this case.
However, I do find ambiguity in Exclusion B of Part II of the policy and further *572 find ambiguity when comparing Exclusion B with Exclusion D.
It is apparent that as a result of this Court's decisions respecting co-employee liability generally, we will be called upon to consider provisions of insurance contracts relating to this type of coverage. In Home Indemnity Co. v. Reed Equipment Co., 381 So.2d 45 (Ala.1980), the question of insurance coverage was considered in light of an agreement which provided:
"None of the following is an insured:
"(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment;"
In that case, this Court held that the provision excluded as an insured any employee who is sued by a co-employee as a result of bodily injuries sustained in the course of employment. The Court also found that for the purpose of the insurance policy, the executive officers of the corporation were considered "fellow employees" and therefore were not insureds according to the terms of the policy.
NOTES
[*] The trial court later amended its decree to specifically determine which of the defendants named in Wyatt's suit were covered by Transport's policy: E. N. Conaway, J. W. Carpenter, J. O. Fox, G. E. Tickle, R. E. Thrasher, Buddy Moore, Steve Thomason, and Bill Wideman. All of these, along with Wyatt, are appellees in this appeal.