MICHIGAN MUTUAL LIABILITY COM-
PANY, Plaintiff-Appellant,

v.

CONTINENTAL CASUALTY COMPANY
et al., Defendant-Appellee.

No. 13403.

United States Court of Appeals
Seventh Circuit.

Dec. 11, 1961.

Alvin G. Hubbard, Reese Hubbard, Chicago, Ill., Hubbard, Hubbard, O'Brien & Hold, Chicago, Ill., of counsel, for appellant.

Tom L. Yates, Yates, Fisk, Haider & Burke, Chicago, Ill., Donald H. Haider, L. J. Locke, Chicago, Ill., of counsel, for appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

This dispute between two insurance companies concerns principally the proper interpretation of an employee exclusionary clause in an automobile insur-

---

ance liability policy issued by defendant Continental Casualty Company.

Prior to May 17, 1954, plaintiff issued a comprehensive general automobile insurance policy to J. F. Martin Cartage Company. Also, prior to the same date, defendant Continental Casualty Company issued its comprehensive automobile policy to Arthur Dixon Transfer Company.

On May 17, 1954, Harold Cinkel, an employee of Arthur Dixon Transfer Company, while in the course of his employment, drove a Dixon truck upon the premises of J. F. Martin Cartage Company, the consignee of the load.

Domingo Martinez, an employee of the J. F. Martin Cartage Company, began unloading the Dixon truck using a lift truck in so doing. During such unloading, packaged merchandise fell from the lift truck injuring Cinkel. Thereafter Cinkel sued J. F. Martin Cartage Company in the Superior Court of Cook County, Illinois, for damages sustained as a result of the accident.

About three months after Cinkel was injured, Martin was served with process in the Cinkel suit and delivered the complaint to plaintiff, its insurance carrier, and requested the plaintiff to take over the defense of the suit. Plaintiff did not tender the suit to defendant Continental until February 16, 1956, which was about eighteen months after it had received the complaint from Martin. Continental refused to accept the defense.

On August 8, 1958, plaintiff settled the Cinkel suit by payment of the sum of $20,000. Releases were secured from the Cinkels releasing J. F. Martin Cartage Company from its liability to indemnify for the injuries to Cinkel caused by its employee Domingo Martinez.

Plaintiff, Michigan Mutual Liability Company, as the subrogee of Martin, sued Continental and Domingo Martinez for $27,794.94, the sum expended in investigating and settling the claim of Cinkel against Martin. The District Court at first denied and later granted Continental's motion for a summary judgment. Dismissal of the complaint followed.

Continental carried the Workmen's Compensation for Dixon Transfer Co. After Cinkel was injured, Dixon notified Continental of the accident. Continental conducted an investigation and made a settlement of the claim under the Workmen's Compensation Act. S.H.A.Ill. ch. 48, § 138.1 et seq.

The pertinent provisions of the Continental policy here under consideration are as follows:

"Receipts Basis—Truckmen.
(Form A)

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability and for Property Damage Liability applies with respect to all owned automobiles and hired automobiles, and the use, in the business of the named insured, of non-owned automobiles, subject to the following provisions:

"1. Definition Of Insured. As respects such insurance, Insuring Agreement III, Definition of Insured, is replaced by the following:

"The unqualified word 'insured' includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile. The insurance with respect to any person or organization other than the named insured does not apply:

"(a) to any person or organization, or to any agent or employee thereof, engaged in the business of transporting property by automobile for the named insured or for others, with respect to any automobile of the commercial or truck type (1) if the accident occurs while such automo-

bile is not being used exclusively in the business of the named insured and over a route the named insured is authorized to serve by federal or public authority, or (2) if such person or organization so engaged is subject to the security requirements of any motor carrier law and satisfies any such requirements by any means other than automobile liability insurance;

\* \* \* \* \* \*

"(c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer;"

The exclusionary clause under consideration provides:

"This policy does not apply: \* \* (c) under coverage A, \* \* \* to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment of the insured, other than a domestic employee whose injury arises out of an automobile covered by this policy and for whose injury benefits are not payable or required to be provided under any workmen's compensation law; or to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law;"

■■ We are confronted here with a question of law. This was a proper case to be considered on a motion for summary judgment. In this diversity case we should endeavor to apply the law of Illinois. After careful study, we have concluded there is no controlling decision by an Illinois court nor is there a controlling Illinois statute.

■ Plaintiff cites and heavily relies upon Bituminous Casualty Corp. v. American Fidelity & Casualty Company, 22 Ill.App.2d 26, 159 N.E.2d 7. In some respects the facts in the Bituminous case are similar to the facts in the case at bar.

Rock Island Motor Transit Co. operated a truck-trailer and, in the course of its business, transported a diesel engine from the Cummins Diesel Sales Corp. to the premises of Midland Electric Coal Corp. The truck was driven by Rock Island's driver into and upon the premises of Midland. Midland's employees, using Midland equipment (a hoist), were unloading the truck when the engine slipped and injured one Julius Fassl, an employee of Cummins Diesel. Fassl brought suit against Rock Island, Midland and the employees of Midland who were engaged in the unloading operation.

Bituminous Casualty Corp. (Midland's insurer) brought suit against American Fidelity & Casualty Co. (Rock Island's insurer) seeking a declaratory judgment after American had refused to take over the defense of Midland in the suit by Fassl. The Court held that American was obligated to take over the defense since Midland was an additional insured within the meaning of the unloading and loading clause and the omnibus clause.

The issue in the Bituminous case was whether Midland was an additional insured within the meaning of the policy. The Court held that Midland was such an additional insured and accordingly American had an obligation to assume the defense of the suit brought by Fassl. The employee exclusion clause at issue in the case at bar was in no manner discussed by the Court, nor was there any mention of the fact that Fassl may or may not have been an employee of an additional insured. The principal question at issue here as to the effect of the employee exclusion clause was not raised in the Bituminous case. An important difference in the facts of the two cases is that in the case at bar the injured party was an employee of the named insured. In the Bituminous case the injured party was not an employee of the named insured. As hereinbefore indicated, our holding is that the Bituminous case is not controlling or revealing as to the Illinois law on the principal issue before us.

Plaintiff and defendant each cite cases from courts outside of Illinois, some of which are practically on all fours with the case at bar. Each party claims the cases which it cites represent the "majority view" and the "weight of authority."

Defendant Continental has cited an Alabama case, Michigan Mutual Liability Co. v. Carroll et al., 271 Ala. 404, 123 So. 2d 920. The plaintiff in that case is the plaintiff in the case at bar and sought the same relief from the Alabama court as it now seeks here. With commendable frankness, plaintiff's attorney admitted on oral argument that if the instant case were to be decided under Alabama law it would have to be decided against his client. But, it was strongly argued the Alabama case represents a minority view.

Typical of the cases supporting the view of the plaintiff-appellant herein, are Maryland Casualty Company v. New Jersey Mfrs. & Casualty Ins. Co., 48 N.J. Super. 314, 137 A.2d 577, which was affirmed by the Supreme Court of New Jersey, 28 N.J. 17, 145 A.2d 15; and Greaves v. Public Service Mutual Insurance Co., 5 N.Y.2d 120, 181 N.Y.S.2d 489, 155 N.E.2d 390. Also in accord is Pullen v. Employers Liability Assurance Corp., 230 La. 867, 89 So.2d 373. Three judges dissented. However, in Employers Mutual Liability Insurance Co. v. Houston Fire and Casualty Ins. Co. (W.Dist.La.) 194 F.Supp. 828, where the exclusion clause was substantially the same as in the case at bar, the Court held that in the absence of any controlling decision by Arkansas courts, it would refuse to follow the Pullen case, but approved and applied the holding in American Fidelity and Casualty Co. v. St. Paul-Mercury Indem. Co., 5 Cir., 248 F.2d 509.

Typical of the cases cited and relied upon by defendant-appellee are American Fidelity and Casualty Co. v. St. Paul-Mercury Indem. Co., supra; Michigan Mutual Liability Co. v. Carroll, supra, and Transport Insurance Co. v. Standard Oil Co. of Texas, 161 Tex. 93, 337 S.W.2d 284. In the Transport case the Court said, at page 288, "The exact question involved is one of first impression in this jurisdiction. There is a split of authority in other jurisdictions, but the weight of authority is that if the injured party is the employee of any person who is insured under the policy, the employee exclusion is applicable although he may not have been an employee of the person committing the tort. See 50 A.L.R.2d 99. The cases which support Transport's contention follow the weight of authority and apply the language of the policy as written."

It is our view that the cases relied on by defendant are more soundly reasoned and should be followed inasmuch as there is no controlling Illinois law on the issue here presented. A careful reading of the pertinent clauses of the policy issued by Continental leads to the conclusion there is no liability when an employee of the named insured is injured while engaged in the employ of said insured.

The exemption clause heretofore quoted has three separate elements, the first being qualified by the second, and the third being independent of the first two. In substance, the clause provides the policy does not apply 1) to bodily injury of any employee of the insured while engaged in the employment of the insured unless 2) such employee is a domestic employee whose injury is caused by an automobile covered by the policy and for whose injury benefits are not required to be paid under any workmen's compensation law. Element 3 provides that the policy does not apply to "any obligation for which the insured * * * may be held liable under any workmen's compensation law."

The clause in question does not attempt to say who is an insured, but simply sets forth the agreement of the parties that the policy shall not be applicable to certain situations. Considering the definition of the insured as contained in the policy, the clause may be read as follows: "This policy does not apply * * * to bodily injury to * * * any employee of the [named] insured while engaged in

the employment of the [named] insured, * * *." The language seems to be unambiguous and clearly states that the policy does not cover accidents which result in injuries to the employees of the insured.

Defendant argues in considerable detail its contention that there was a breach of the policy conditions as to notice of the accident and notice of the claim and suit. In view of our interpretation of the policy provisions as hereinbefore stated, we do not reach this point.

Defendant also argues the point that Dixon's automobile, at the time of the accident, was not being used exclusively in the business of the named insured. Although we consider this argument of doubtful validity, it is not necessary for us to decide the point.

The judgment of the District Court in entering summary judgment for the defendant Continental is

Affirmed.