**UNITED STATES FIDELITY AND GUARANTY CO., Plaintiff-Appellee,**

v.

**AMERICAN FIDELITY AND CASUAL-TY CO., Defendant-Appellant.**

**No. 13504.**

United States Court of Appeals
Seventh Circuit.

Feb. 12, 1962.

G. Edward McHie, Hammond, Ind., for appellant.

Peters, Highland & McHie, Hammond, Ind., of counsel.

Thomas H. Clifford, Jr., Gary, Ind., for appellee.

Lucas, Clifford & Wildermuth, Gary, Ind., of counsel.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

This is a dispute between two insurance companies as to which is liable under respective insurance policies issued by them for the asserted liability growing out of a state court action for damages brought by one Wallace Kelly.

Kelly was the owner of a tractor-trailer which he leased to Metropolitan Motor

Freight (Metropolitan). Kelly drove this vehicle as an employee of Metropolitan. On February 21, 1955, employees of Triangle Steel Corporation (Triangle) loaded steel sheets on to the trailer for the purpose of having Metropolitan transport same to Broadview, Illinois. While driving the tractor-trailer enroute to Broadview, Kelly lost control, and the tractor-trailer plunged over an embankment, seriously injuring Kelly. Claiming the trailer had been improperly and negligently loaded by employees of Triangle, Kelly filed suit against Triangle and others in an Indiana state court.

Prior to February 21, 1955, defendant American Fidelity and Casualty Company (American) had issued to Metropolitan its liability policy of insurance, insuring Metropolitan against claims for bodily injury and property damage arising out of the use of their motor vehicles. The policy contained an "omnibus clause", naming as additional insureds any person "legally responsible for the use thereof." That phraseology included loading and unloading operations.

The policy of insurance issued by defendant American to Metropolitan contained exclusions including, "This policy does not apply: * * * (d) under coverages A and C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law; (e) under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law; * * * (g) under coverage C, to bodily injury to or sickness, disease or death of any person if benefits therefor are payable under any workmen's compensation law."

After Kelly sued Triangle in the state court for personal injuries and for damages to his tractor-trailer, Triangle tendered the defense to its insurance carrier, United States Fidelity & Guaranty Company (U.S.F. & G.), the plaintiff herein.

Plaintiff then tendered the defense to defendant, American, relying on the omnibus clause. American refused to accept the defense, relying on the exclusions in its policy hereinbefore set forth.

Plaintiff brought this suit seeking a declaratory judgment that American's policy of insurance issued to Metropolitan afforded coverage to plaintiff's assured, Triangle, in the suit brought by Kelly. The Court entered judgment for the plaintiff holding as a matter of law that the exclusions were not applicable to the facts in this case, and that defendant's policy of insurance did cover Triangle in connection with Kelly's suit, and that defendant would be liable to pay any judgment rendered against Triangle in that suit.

This is a diversity suit and we are required, if possible, to apply the law of Indiana. A careful study has revealed that there is no controlling decision by an Indiana court nor is there any applicable Indiana statute.

We have recently decided Michigan Mutual Liability Company v. Continental Casualty Company, et al., 7 Cir., 297 F.2d 208. The issue in that case involved the interpretation of provisions in insurance policies issued by two insurance companies which provisions or clauses were quite similar to those under consideration in the case at bar. We found there was no controlling Illinois courts' decision or statute. We undertook an analysis of the cases in other states which had interpreted such provisions and found the authorities hopelessly in conflict.

In the Michigan Mutual case, supra, we approved the principle announced in decisions such as American Fidelity and Casualty Co. v. St. Paul-Mercury Indem. Co., 5 Cir., 248 F.2d 509; Michigan Mutual Liability Co. v. Carroll, et al., 271 Ala. 404, 123 So.2d 920; and Transport Insurance Co. v. Standard Oil Co. of Texas, 161 Tex. 93, 337 S.W.2d 284. We specifically held, at page 211, that " * * * there is no liability when an employee of the named insured is injured while engaged in the employ of said insured."

We further stated in the Michigan Mutual case, at pages 211–212 "Considering the definition of the insured as contained in the policy, the clause may be read as follows: 'This policy does not apply * * * to bodily injury to * * * any employee of the [named] insured while engaged in the employment of the [named] insured, * * *.' The language seems to be unambiguous and clearly states that the policy does not cover accidents which result in injuries to the employees of the insured."

The District Court in this case may have been influenced to some degree by the District Court decision in Leonard v. Union Carbide Corporation, S.D.Ind., 180 F.Supp. 549. However, another District Court, under duty to apply the law of Indiana, reached the opposite conclusion. Buhonick v. American Fidelity & Casualty Company, W.D.Pa., 190 F.Supp. 399.

In the Buhonick case, the court said at page 401, "In spite of the conflict of authorities which exist from other states, I am satisfied that the weight and best reasoned authorities hold to the view that the exclusion provision applies to employees of an additional assured as well as to those of the named assured, Travelers Insurance Co. v. Ohio Farmers Indemnity Co., 6 Cir., 262 F.2d 132; Lumber Mutual Casualty Ins. Co. of New York v. Stukes, et al., 4 Cir., 164 F.2d 571; * * *."

The decision of the District Court herein was prior to the date when we announced the decision in the Michigan Mutual Liability Company case. As hereinbefore indicated, there is considerable authority to support the view adopted by the District Court in the case at bar. However, consistent with our decision in Michigan Mutual Liability Co. v. Continental Casualty Company, et al., supra, and with decisions of the Courts of Appeal in the Fourth, Fifth and Sixth Circuits, we must and do hold that the judgment of the District Court be

Reversed.