303 F.2d 897
 William FERRELL, Minnesota Mining and Manufacturing Company and Indemnity Insurance Company of North America, Plaintiffs-Appellants,
v.
STATE AUTOMOBILE INSURANCE ASSOCIATION OF INDIANAPOLIS, Defendant-Appellee.
 No. 13564.
 United States Court of Appeals Seventh Circuit.
 June 6, 1962.
 
 Dom J. Rizzi, L. H. Vogel, Chicago, Ill., for plaintiffs-appellants.
 Frank J. Pause, Chicago, Ill., Beverly & Pause & Frank J. Pause, Chicago, Ill., for defendant-appellee.
 Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.
 DUFFY, Circuit Judge.
 
 
 1
 This is a suit for a declaratory judgment to determine whether defendant insurance company is obligated to furnish a defense to plaintiffs William Ferrell and Minnesota Mining and Manufacturing Company with reference to a suit brought by Earl Clifford in the Circuit Court of Cook County, Illinois, designated as cause No. 58 C 15370.
 
 
 2
 The trial of the instant case was had before the court on a stipulation of facts and the pleadings. The trial court found the issue in favor of the defendant.
 
 
 3
 The facts in the Clifford case may be briefly stated. Clifford drove a tractor-trailer owned by his employer to the loading dock of the Minnesota Mining and Manufacturing Company's plant in Bedford Park, Illinois. He backed the trailer to the dock, alighted and walked toward the rear of the trailer. A hinged metal plate weighing 150 pounds, which was used as an aid to loading and unloading vehicles at the dock, was standing on the dock in an upright position.
 
 
 4
 William Ferrell, employed as an operator of a lift truck by Minnesota Mining and Manufacturing Company, while maneuvering the lift truck, struck the upright plate causing it to fall upon Clifford's right foot causing injuries. Clifford was covered by the Illinois Workmen's Compensation Act. After Clifford had commenced his suit in the state court against plaintiffs, they tendered the defense to defendant insurance company which declined to accept, contending it owed no coverage under the terms of the policy.
 
 
 5
 Thus, for the third time in recent months, this Court is faced with a dispute between two insurance companies concerning the interpretation of exclusionary clauses in an automobile liability policy. A comparison of the "exclusionary clause" of the policy in the instant case with those involved in the two previous cases[1] indicates no differences in substance and only slight differences in terminology.
 
 
 6
 Although not so bluntly stated, the real basis for the argument made in appellant's main brief was that our previous decisions in Michigan Mutual Liability Company v. Continental Casualty Company et al., 7 Cir., 297 F.2d 208, and in United States Fidelity & Guaranty Company v. American Fidelity & Casualty Company, 7 Cir., 299 F.2d 215, were wrongly decided and should be overruled. However, we think these opinions should be followed unless, by court decisions or statutes in Illinois or Indiana, respectively, a different rule has since been established.
 
 
 7
 In the instant case we apply Illinois law. In appellant's reply brief, our attention has been invited to a recent decision of the Illinois Appellate Court in General Accident Fire and Life Assurance Corp. et al. v. Brown et al., 35 Ill. App.2d 43, 181 N.E.2d 191. The fact situation in the General Accident case is very similar to that in the instant case and also in the Michigan Mutual case. It should be noted, the General Accident decision was handed down by the Illinois Appellate Court after appellant's main brief in the instant case had been filed.
 
 
 8
 There is no language in the General Accident opinion that indicates, in any way, a disapproval of our decision in the Michigan Mutual case. Quite to the contrary, the Illinois Court showed its approval. That Court stated (181 N.E.2d 195):
 
 
 9
 "* * * It has not heretofore been decided in this state whether the above-quoted provision [employee exclusion clause] operates to exclude an additional insured from protection under the policy against an injury suffered by an employee of the named insured. In Michigan Mutual Liability Company v. Continental Casualty Co.[mpany], 297 F.2d 208, the U. S. Court of Appeals for the Seventh Circuit very recently held, in the absence of controlling Illinois authority, that an exclusionary clause comparable to the instant one applies to an additional insured with respect to an injury to an employee of the named insured. We agree with that court that the better reasoned authorities support that view. (Citing cases)."
 
 
 10
 The Illinois court, in the General Accident case, seems to give a broader scope to the exclusionary clause than we did in the Michigan Mutual case. Appellant argues that fact makes the Illinois court's opinion inconsistent with our opinion. We think not. Both in the Michigan Mutual case and in the instant case, it was and is sufficient to say that in applying Illinois law, it was the intention of the parties that the policy was not to apply to an injury to an employee of the named insured who was covered by the Workmen's Compensation Act.
 
 
 11
 We hold here, as we did in Michigan Mutual, that the policy in question does not apply to bodily injury to an employee of the named insured.
 
 Judgment
 
 12
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Michigan Mutual Liability Company v. Continental Casualty Company et al., 7 Cir., 297 F.2d 208; United States Fidelity & Guaranty Company v. American Fidelity & Casualty Company, 7 Cir., 299 F. 2d 215