The Ohio Casualty Insurance Company and West American Insurance Company, Plaintiffs-Appellees, v. United States Fidelity and Guaranty Company, Francis T. Carroll, et al., and Parkway Motors, Inc., Defendants-Appellants.

Gen. No. 66–81.

Second District
February 21, 1967.

Williams, McCarthy, Kinley and Rudy, of Rockford, for appellant.

Welsh, Welsh, Holmstrom and Hyzer, of Rockford, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

This appeal from a declaratory judgment involves a dispute between plaintiff insurance companies and the defendant insurance company as to which is responsible under their respective policies for defense and any judgment arising out of an injury suit filed by Carroll against Livesay, Jr.

The facts are not in dispute and only a legal question emerges. The appeal is taken from the judgment declaring that U.S.F. & G. is primarily liable and Ohio Casualty and West American liable for any excess.

Carroll was a salesman-employee of Parkway Motors. In the course of his employment he permitted Livesay, a prospective customer, to drive a car from the lot on a demonstration with himself as a passenger. During the drive Carroll was injured in an accident. It is not questioned that Carroll was under the Workmen's Compensation Act.

The effect of the employee exclusionary clause in Parkway's policy, written by U.S.F. & G., is in issue. Ohio Casualty insured Livesay's father's car and West American insured Livesay's mother's car. Livesay was a permitted user under both of his parents' policies.

The coverage clause in the U.S.F. & G. policy provides:

> "I Coverage A—Bodily Injury Liability—Automobile
>
> "To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any automobile."

458

The exclusionary clause in the U.S.F. & G. policy provides:

"This policy does not apply
"(g) Under Coverage A (Bodily Injury Liability—Automobile) to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the Insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the Insured";

The policy also provides:

"The unqualified word 'Insured' includes the named Insured . . ."

There is also a "severability of interests" clause which provides:

"8. Severability of Interests. The term 'the Insured' is used severally and not collectively, but the inclusion herein of more than one Insured shall not operate to increase the limits of the Company's liability."

The direction of U.S.F. & G.'s argument is that its policy, to avoid duplication of coverage with Workmen's Compensation insurance, was not intended to apply to an employee of the named insured whose injury occurred within the scope of his employment; that the exclusionary clause is intended to cover *situations* or *hazards* and not to declare who is insured; and that the addition of the "severability" clause in standard policies since 1955 does not affect the situation wherein an employee is involved; that if so intended, it could have been easily so stated clearly.

Plaintiffs argue that the use of the phrase excluding "any employee of the insured" in the U.S.F. & G. policy indicates an intention to exclude only Carroll who was the employee of Parkway, and not to exclude Livesay, Jr. as an additional insured; that otherwise, the phrase would have to be rewritten to mean "insureds," in the plural, or "any or all insureds." They further argue that the "severability" clause was meant to end any question as to that interpretation. In effect, they argue that Livesay, Jr. is the insured who was intended to be afforded the benefit of the U.S.F. & G. policy and that Carroll's suit against the additional insured is not excluded because Carroll is not the employee of that insured.

The questions raised in the interpretation of the employee exclusionary clause in the policy in question are no longer novel, but decisions in various jurisdictions are in irreconcilable conflict. 50 ALR2d 97–104.

The only Appellate ruling in Illinois bearing on the question is General Acc. Fire & Life Assur. Corp. v. Brown, 35 Ill App2d 43, 52, 181 NE2d 191, decided in the First District in 1962. Having before it an employee exclusionary clause essentially similar to the clause in question here, that court held that the provision would exclude an additional insured from protection under the policy against an injury suffered by an employee of the named insured. The "severability of interests" doctrine was argued in that case, and while the court noted that the policy before it did not contain that express clause, it offered the dictum:

> "Moreover, courts faced with the question of the effect of such a clause have held that it does not change the meaning of the exclusionary clause. (Transport Ins. Co. v. Standard Oil Co. of Texas, 161 Tex 93, 337 SW2d 284; Kelly v. State Automobile Ins. Ass'n, 288 F2d 734.)

The Circuit Court of Appeals for the Seventh Circuit, seeking to apply Illinois law and noting no controlling Illinois decisions, interpreted a similar employee exclusionary clause to conclude that there is no liability when an employee of the named insured is injured while engaged in the employ of said insured. Michigan Mut. Liability Co. v. Continental Cas. Co., 297 F2d 208 (CA 7th, 1961). Shortly thereafter that same court decided another case, seeking to apply Illinois law, with the same conclusion, (having then before it General Acc. Fire & Life Assur. Corp. v. Brown (supra)). Ferrell v. State Automobile Ins. Ass'n of Indianapolis, 303 F2d 897 (CA 7th, 1962). While the "severability of interests" clause was not before that court in its decisions, the court's rationale was that the employee exclusionary clause does not attempt to say who is an assured, but simply sets forth the agreement of the parties that the policy shall not be applicable to certain *situations,* including one involving injury to an employee of the named insured while acting in the scope of his employment and thus under the Workmen's Compensation Act.

In cases decided in other jurisdictions directly involving the question of the effect of the "severability" clause, there is the same irreconcilable conflict in the decisions. The United States Court of Appeals for the Sixth Circuit has rejected the contention, also made here, that the purpose of the "severability" clause was to clarify the confusion which had existed in the various jurisdictions which had come to opposite conclusions in interpreting the "employee exclusion clause." The Sixth Circuit Court found "no evidence . . . that this was the purpose." Kelly v. State Automobile Ins. Ass'n, 288 F2d 734 (CA 6th, 1961). It found no ambiguity in the exclusionary clause, holding that an employer would take out Workmen's Compensation to cover any claim of an employee and would rely on protection of liability

insurance against claims asserted by the public, and not by its own employees. It concluded that (p 738) "if it was intended by the severability of interests clause to provide coverage in a case like the present one, the language used was inadequate for the purpose."

The United States Court of Appeals for the Fourth Circuit, applying West Virginia law, came to the opposite conclusion in Pepsi-Cola Bottling Co. of Charleston v. Indemnity Ins. Co., 318 F2d 714 (1963).

While this court is not bound by any Illinois authority directly in point on all the issues, it is persuaded that the better reasoning supports the view that the exclusionary clause clearly and unambiguously excludes the hazard of the liability claim made by the employee, Carroll, and that it was intended that his injuries would be covered, as far as his employer's liability and garage policy is concerned, by Workmen's Compensation insurance. We find his situation and the hazard of his claim excluded under his employer's policy.

Nor are we persuaded that the "severability" clause creates any change or ambiguity in the interpretation of the exclusionary clause. There is no evidence as to the purpose of that clause, added in 1955 to standard policies, including that of both Plaintiffs' and Defendant's policies here. The clause was added presumably by the insurance industry and not a particular insurance company. If it were intended to avoid the conflict in decisions, it could have been stated in clear language adequate to reconcile or avoid these conflicts. It was not so stated.

The judgment of the trial court is therefore reversed.

Judgment reversed.

MORAN and ABRAHAMSON, JJ., concur.