BENEDICT SCHOMAS *et al.*, Plaintiffs-Appellants, *v.* THE FARMERS AUTO-MOBILE ASSOCIATION *et al.*, Defendants-Appellees.

(No. 72-189; ▮▮▮▮▮▮

Third District—October 4, 1973.

Anthony C. Raccuglia, of La Salle, and Peter Ferracuti & Assoc., of Ottawa, for appellants.

Berry & O'Conor, of Ottawa, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This declaratory judgment action was brought in the Circuit Court of La Salle County by Benedict Schomas, Troy Grove Stone Quarry, Inc. and Don Brown, Plaintiffs-Appellants, against The Farmers Automobile Association and Pekin Insurance Company, individually and together known as Pekin Farmers Insurance, Defendant-Appellee. Plaintiffs sought a declaration that a policy of insurance issued by defendant was in effect on January 29, 1968, and required defendant to defend a suit brought by Schomas against Troy Grove Stone Quarry, Inc. and Brown. The cause was tried without a jury with the court considering evidence consisting of discovery depositions of Schomas and Brown and the insurance policy, the parties having stipulated this evidence to be an ac-

curate statement of the facts. The court entered judgment denying plaintiffs' requested relief and plaintiffs appeal from the judgment.

Schomas owned a Diamond-T semi dump truck-trailer insured by an automobile insurance policy issued by defendant. Schomas was employed by La Salle County Redi-Mix Corporation and had done work for them for approximately 30 years. His trucks were leased to his employer to be used to haul sand and gravel. Schomas operated one semi and was paid by the ton hauled with two checks, a truck check and a driving check, which enabled him to qualify for workmen's compensation coverage.

On January 29, 1968, Schomas was sent to pick up a load of ready-mix chips from Troy Grove Stone Quarry, Inc. and was to bring back a telephone pole on top of the load. Don Brown, an employee of Troy Grove Stone Quarry, who operated an end loader, loaded Schomas' truck with chips and was then informed by Schomas about the telephone pole. While two laborers and Schomas were assisting Brown in loading the pole, Schomas was injured. Schomas recovered under a workmen's compensation claim filed with his employer, La Salle County Redi-Mix Corporation. He then brought a common law action against Troy Grove Stone Quarry and Brown seeking damages for personal injuries. Troy and Brown requested defendant to fulfill its duty under Schomas' insurance policy by furnishing them a defense. Following a refusal by defendant, this declaratory judgment action was filed.

It is agreed by the parties the "loading and unloading" clause in the policy is applicable under the circumstances of this case thereby enabling Troy and Brown to qualify as additional insureds under the definition of an insured. The definition in the policy includes as an insured, "* * * any person while using the automobile and any person or organization legally responsible for the use thereof * * *" with the insured's permission. However, defendant claims that an exclusionary clause within the policy is applicable, which provides: "This policy does not apply: (e) Under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or any similar law." According to defendant's theory, since Schomas was acting pursuant to Brown's directions at the time of the injury, he was a "loaned employee" of Troy and therefore could have pursued his workmen's compensation remedy against Troy. Under the language of the exclusion, Troy and Troy's carrier may have been liable under the Workmen's Compensation Act. Initially, the question arises whether, even if Schomas was not a "loaned employee" but instead an employee of La Salle County Redi-Mix, the same exclusion would be applicable

since the latter company would also be considered an additional insured against whom Schomas may have had and in fact did have a claim for benefits under the Workmen's Compensation Act.

The trial court held Schomas was a "loaned employee" or co-employee of Brown and also concluded the exclusionary provision was applicable and coverage was not afforded by the policy.

In seeking to reverse the judgment of the trial court, plaintiffs argue; first, Schomas was not a loaned employee, and second, even though he was an employee of La Salle County Redi-Mix, he was not and could not be an employee of the named insured in the policy because he himself was the named insured.

The primary question to be decided on this appeal is whether the workmen's compensation benefit exclusion which is applicable to one of several insureds, is also applicable to exclude coverage for another insured when the claim against the latter is not based on the Workmen's Compensation Act. As indicated in *Ohio Casualty Insurance Company v. United States Fidelity and Guaranty Co.*, 79 Ill.App.2d 457, 223 N.E.2d 851, there is a split of authority in the resolution of this issue. The viewpoint supporting the position of the plaintiffs is illustrated by the case of *Greaves v. Public Service Mutual Insurance Co.*, 5 N.Y.2d 120, 181 N.Y.S.2d 489, 155 N.E.2d 390, where the court concluded that each insured under an omnibus insuring clause is and should be regarded as a separate and distinct insured and must be viewed legally as having a separate and distinct policy. Consequently in New York, the workmen's compensation exclusion applies only to an insured against whom a claim for workmen's compensation is asserted.

■■ However, in *Ohio Casualty Insurance Co. v. United States Fidelity and Guaranty Co.*, 79 Ill.App.2d 457, 223 N.E.2d 851, *Midwest Contractors Equipment Co. v. Bituminous Casualty Corporation*, 112 Ill. App.2d 134, 251 N.E.2d 349 and *General Accident Fire and Life Assurance Corp. v. Brown*, 35 Ill.App.2d 43, 181 N.E.2d 191, Illinois has adopted the position that if the exclusion is applicable to any of the insureds, coverage is not afforded another insured where the action is based on the same facts but not based on the Workmen's Compensation Act.

■■ The facts in the *Ohio Casualty* case are, in their legal significance, quite similar to those in the instant case. In that case, a car salesman, in the course of his employment, was a passenger in a car belonging to his employer which at the time was being operated by a prospective customer. After a collision and injury to the salesman, he received benefits from his employer under the Workmen's Compensation Act and also filed a legal action based on common law negligence against his prospec-

tive customer, the driver of the car at the time. An action was commenced seeking to establish coverage under an insurance policy issued to the owner of the car which, of course, included among those additionally insured, those persons driving the car with the permission of the named insured. After referring to the split of authority and discussing the problems at some length, the court in *Ohio Casualty* concluded the exclusionary provision relating to workmen's compensation was applicable to the prospective customer even though the claim against him was not based on the Workmen's Compensation Act. The later case, *Midwest Contractors*, is consistent with this position and persuades us that the exclusion is applicable in the instant case.

The plaintiffs argue the foregoing rule is not applicable because Schomas, being the named insured in the instant policy, could not be an employee of the named insured and hence could not have a claim against the named insured based on the Workmen's Compensation Act. While it is true the claimants discussed in the cases earlier were employees of a named insured, the named insured being a corporation, we do not believe such a difference has any legal significance. The rule as announced and applied in the *Ohio Casualty* case indicates that all insureds, whether named or unnamed, are subject to the same exclusion. Consequently, the fact that Schomas' claim against La Salle County Redi-Mix was against such party as an additional insured affords no sufficient reason for concluding the exclusion should not be applicable where the claim is against Brown as another additional insured.

Since no coverage is afforded by the policy, even accepting the plaintiffs contention that Schomas was only an employee of La Salle County Redi-Mix at the time of the incident, it was unnecessary for the trial court or for this court to determine the consequences which might avail dependent upon the existence of a contrary state of facts. In other words, we believe it unnecessary to reach the question or decide that Schomas was or might have been a loaned employee, because even accepting the plaintiffs' view of Schomas' status, it is insufficient to support a finding that coverage was afforded by the policy. Accordingly, we specifically disclaim any approval or disapproval of the trial court's finding that Schomas was a loaned employee.

For the foregoing reasons, the judgment of the Circuit Court of La Salle County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.