UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff-Appellant, *v.* GLOBE INDEMNITY COMPANY *et al.,* Defendants-Appellees.

(No. 59774;

First District (5th Division)—June 7, 1974.

Osterkamp, Jackson & Byrnes, of Chicago (Walter H. Osterkamp, Jr., of counsel), for appellant.

Kralovec, Sweeney, Marquard & Doyle, of Chicago (John C. Doyle and Edward V. Scoby, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals an adverse finding on its declaratory judgment action against defendant Globe Indemnity Co. (Globe) arising out of a dispute as to which company is responsible under their respective policies for defense and judgment of a personal injury action filed by J. P. Turner against Sealy Mattress Co. (Sealy) an insured in both policies. Plaintiff sought in the trial court: (1) a determination and the adjudication of Globe and the respective liabilities of plaintiff and Globe under their respective policies to Sealy; (2) a declaration that Globe be required to defend Sealy against Turner's suit; (3) a declaration that with respect to the Turner suit, Globe is primarily liable and plaintiff liable only for monies in excess of the Globe policy limits; and (4) any other appropriate relief that the court deemed proper. The trial court found that the Globe policy specifically excluded coverage for Turner's injuries under an "employee exclusionary" clause. Plaintiff contends on this appeal that the "employee exclusionary" clause in the Globe policy is inapplicable to Turner's claim because he was not an employee of Sealy.

The facts are not in dispute. Hawthorn Leasing Co. (Hawthorn) entered into an agreement on November 16, 1967, to lease trucks to Sealy. The agreement provided, in pertinent part, that Hawthorn service and maintain the trucks and furnish insurance for bodily injuries with Globe naming Sealy as an additional insured. On February 1, 1968, a comprehensive general automobile liability insurance policy previously issued by Globe to Hawthorn was amended to specifically name Sealy as an additional insured. Sealy also carried a comprehensive general automobile liability insurance policy with plaintiff. Hawthorn additionally carried a workmen's compensation policy with Globe.

While the foregoing policies were in effect, Turner, a Hawthorn employee, reported to the Sealy lot to service certain of the leased trucks. He was standing on a ladder repairing a trailer's defective signal light when the vehicle was put into motion by a Sealy employee causing him to fall and sustain injuries. Turner received $5,000 under Hawthorn's workmen's compensation policy with Globe. He then sued Sealy to recover common law damages for his personal injuries on the theory of

negligence of the Sealy employee in moving the trailer. Plaintiff, under its policy with Sealy, entered into defense of Turner's lawsuit. Globe, however, relying on the aforementioned exclusionary clause, denied that its policy written for Hawthorn with Sealy as an additional insured provided Sealy with coverage for Turner's injuries and refused plaintiff's tenders to defend that suit. Plaintiff agreed to a $70,000 consent judgment in settlement of Turner's claims against Sealy after having first filed this declaratory judgment action.

The purely legal question before this court is whether Sealy is entitled to coverage for Turner's injuries as an additional insured under Hawthorn's policy with Globe.

The pertinent provisions in Globe's Comprehensive General Automobile Liability Insurance policy under consideration here provide:

1. Coverage C—Bodily Injury Liability.

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because  *  *  *  bodily injury  *  *  *.

### Exclusions

This insurance does not apply:

*  *  *

(c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured  *  *  *."

Definitions—[The severability clause]

"The insurance afforded applies separately to each insured against whom claim is made or suit is brought  *  *  *."

It should be noted here that there is no dispute that Sealy is an additional insured in the Globe policy.

*OPINION*

Plaintiff contends that the exclusion of coverage for injuries to employees in the policy issued by Globe is inapplicable to Turner because he was an employee of Hawthorn and not Sealy. It is argued that the "severability clause" contained in that policy dictates this result by providing, in effect, that the insurance coverage involved is to be considered only as to the insured being sued. Defendant argues on the other hand that the "severability clause" does not affect the exclusion from coverage of Turner's claim since he is an employee of a named insured (*i.e.,* Hawthorn).

■■ The legal precedents for the construction of insurance policies with respect to the "employee exclusion" clauses are not in controversy by the parties except as to their application to the particular facts in this case.

The decisions in other jurisdictions are hopelessly irreconcilable. (50 A.L.R.2d 97-104.) In our jurisdiction four Illinois appellate court decisions and three decisions of the United States Court of Appeals for the Seventh Circuit (two decided under Illinois law) have considered these clauses. (*General Accident Fire & Life Assurance Corp. v. Brown*, 35 Ill.App.2d 43, 181 N.E.2d 191; *Ohio Casualty Insurance Co. v. United States Fidelity & Guaranty Co.*, 79 Ill.App.2d 457, 223 N.E.2d 851; *Midwest Contractors Equipment Co. v. Bituminous Casualty Corp.*, 112 Ill.App.2d 134, 251 N.E.2d 349; *Schomas v. Farmers Automobile Association*, 14 Ill.App.3d 598, 302 N.E.2d 196; *Michigan Mutual Liability Co. v. Continental Casualty Co.*, 297 F.2d 208 (7th Cir., 1961); *United States Fidelity & Guaranty Co. v. American Fidelity & Casualty Co.*, 299 F.2d 215 (7th Cir., 1962); *Ferrell v. State Automobile Insurance Association*, 303 F.2d 897 (7th Cir., 1962).) These seven decisions held, in effect, that if the injured party is the employee of either a named or an additional insured under the policy, the "employee exclusion" clause is applicable and operates to exclude coverage even though the injured party may not have been an employee of the insured committing the tort. Nevertheless, with the exception of *Ohio Casualty*, the cases did not contain the severability clause relied upon here by plaintiff. In *Ohio Casualty*, the court was called upon to consider the effect of the severability clause (added by the insurance industry in 1955 to standard policies) on the "employee exclusionary" clauses. The court stated: "If it [the severability clause] were intended to avoid the conflict in decisions, it could have been stated in clear language to reconcile or avoid these conflicts." In 1966 the severability clause was altered to the language here under review, and it is plaintiff's allegation that the change was made in response to that criticism.

■■ We have given careful consideration to the language in Globe's policy and are of the opinion that the 1966 change in the "severability" clause makes clear that the "employee exclusionary" clause does not operate to exclude an additional insured from protection under the policy against an injury suffered by an employee of the other named insured. Our view is that the policy's intent is to treat each insured separately, as if each had separate coverage. The exclusion from coverage of employees injured in the course of employment applies only to employees of the insured being sued and not to the employees of any other insured covered in the same policy. Since Turner is suing Sealy, and Sealy is not Turner's employer, it follows that Sealy is entitled to coverage under Globe's policy. In short, we view the "employee exclusionary" clause in the Globe policy as applicable only to the situation where the litigants are themselves in an employee-employer relationship.

The judgment of the circuit court is reversed and the cause is remanded for the determination of remaining issues.

Reversed and remanded with directions.

SULLIVAN, P. J., and DRUCKER, J., concur.