(No. 46898.—

UNITED STATES FIDELITY & GUARANTY COM-
PANY, Appellee, v. GLOBE INDEMNITY COMPANY
*et al.*—(Globe Indemnity Company, Appellant.)

*Opinion filed March 24, 1975.*

Kraloveck, Sweeney, Marquard & Doyle, of Chicago
(John C. Doyle and Edward V. Scoby, of counsel), for
appellant.

Osterkamp, Jackson & Byrnes, of Chicago (Walter H.
Osterkamp, Jr., of counsel), for appellee.

PER CURIAM: Plaintiff, United States Fidelity &
Guaranty Company, filed an action for a declaratory
judgment in the circuit court of Cook County directed
against defendant, Globe Indemnity Company, to deter-
mine the liabilities under the two companies' respective
policies for the defense and judgment of a personal injury
action filed by J. P. Turner against Sealy Mattress
Company, an insured under both policies. The trial court
entered a judgment in favor of Globe, holding that the

employee exclusionary clause in Globe's policy precluded coverage for the personal injury claim against Sealy. The appellate court reversed on the basis that the exclusionary clause was inapplicable, since the litigants, Turner and Sealy, were not themselves in an employee-employer relationship. (*United States Fidelity & Guaranty Co. v. Globe Indemnity Co.*, 20 Ill. App. 3d 458.) We granted leave to appeal. Globe contests the correctness of the appellate court's interpretation of the pertinent provisions of its insurance policy.

The facts relevant to this appeal are undisputed. Hawthorn Leasing Company entered into an agreement with .Sealy Mattress Company whereby Hawthorn would lease trucks to Sealy while maintaining and servicing those ·trucks. The agreement further provided that Hawthorn would furnish Sealy with insurance for bodily injury by having Sealy named as an additional insured under Hawthorn's comprehensive automobile liability policy with Globe. Sealy carried a comprehensive automobile liability policy with plaintiff to provide insurance coverage for vehicles which Sealy owned. Plaintiff's policy also provided coverage for the use of non-owned vehicles with the condition that it would be excess insurance if there was any other valid and collectible insurance.

J. P. Turner, an employee of Hawthorn, reported to the Sealy truck lot on the day of the accident to service the trucks leased from Hawthorn. While he was standing on a ladder repairing a signal light on one of the leased trailers, a Sealy employee put the tractor-trailer unit in motion causing Turner to fall and sustain injuries. An award of $5,000 was paid to Turner under Hawthorn's workmen's compensation policy with Globe, a policy separate from the one involved. in this appeal. Turner then filed a personal injury suit against Sealy alleging negligence of Sealy's employee in moving the trailer.

Under its policy with Sealy, plaintiff undertook the defense of the Turner suit, but it repeatedly tendered the

defense to Globe. Plaintiff argued that Globe was primarily liable for the defense and that it was only liable for monies in excess of the Globe policy limits. Globe refused these tenders on the basis that the employee exclusionary clause in its policy with Hawthorn, which specifically named Sealy as an additional insured, excluded coverage for the injuries sustained by Turner, an employee of Hawthorn. Plaintiff then filed this action for a declaratory judgment. The Turner suit was subsequently settled by a consent judgment in the sum of $70,000 which plaintiff paid.

The pertinent provisions of Globe's policy with Hawthorn provide:

"COVERAGE C — BODILY INJURY LIABILITY
* * *

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of *** bodily injury ***.
Exclusions

This insurance does not apply:
***

(b) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured ***.
* * *

DEFINITIONS
* * *

[Severability Clause] The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability."

Plaintiff maintains, as the appellate court held, that the "severability clause" in Globe's insurance policy provides, in effect, that each insured is treated as if each had a separate policy, except in regard to the limits of the company's liability. Consequently, the employee exclusionary clause is inapplicable to the personal injury suit by

Turner against Sealy, since Turner is not an employee of Sealy. Globe contends that the "severability clause" does not affect the employee exclusion which is to be interpreted in terms of the risks or hazards not covered by the policy rather than in terms of the persons who are to be indemnified. Globe asserts that the policy does not apply, since Turner is an employee of the named insured, Hawthorn. In support of these contentions, Globe relies on four Illinois Appellate Court decisions which considered the employee exclusionary clause. *General Accident Fire and Life Assurance Corp. v. Brown*, 35 Ill. App. 2d 43, 52; *Ohio Casualty Insurance Co. v. United States Fidelity and Guaranty Co.*, 79 Ill. App. 2d 457, 462; *Midwest Contractors Equipment Co. v. Bitumimous Casualty Corp.*, 112 Ill. App. 2d 134, 140; *Schomas v. Farmers Automobile Ass'n*, 14 Ill. App. 3d 598, 601.

The cases relied upon by Globe held that the employee exclusion operates to preclude coverage when the injured party is an employee of either the named or an additional insured under the policy. However, of these cases only two, *General Accident* · and *Ohio Casualty*, discussed the severability of interests doctrine, and of these two, only the latter case involved a policy containing a severability clause. In *Ohio Casualty*, the appellate court held that the severability clause did not require a change in the interpretation of the exclusionary clause, since there was no evidence as to the purpose of that clause. The severability clause referred to in *Ohio Casualty* was added to standard insurance policies in 1955, and provided as follows: "[T]he term 'the Insured' is used severally and not collectively ***." (*Ohio Casualty Insurance Co. v. United States Fidelity and Guaranty Co.*, 79 Ill. App. 2d 457, 459.) The severability clause in Globe's policy is a later and differently worded version of that clause. Plaintiff maintains that the later clause was so written as to clarify the meaning of that clause.

After due consideration to the language and intent of

the policy, we conclude that the severability clause provides each insured with separate coverage, as if each were separately insured with a distinct policy, subject to the liability limits of the policy. The employee exclusion, therefore, does not exclude protection for an additional insured against an injury suffered by an employee of another insured. The exclusionary clause applies only to the situation where an insured is sued by its own employee.

A reasonable interpretation of the language of the severability clause, that "the insurance afforded applies separately to each insured," leads to the obvious conclusion that each insured is to be treated as if each were separately insured. The language shows that the insurer recognizes an obligation to additional insureds distinct from its obligation to the named insured.

Moreover, the clear intent of the employee exclusion is to preclude an employee from suing his employer for injuries suffered as a result of the employer's negligence. The purpose behind this exclusion is that the employee is covered by workmen's compensation and can recover with or without a showing of negligence. This purpose, however, fails when an employee sustains injuries through the negligence of one other than his employer though covered by the same policy, as in the case at bar. If liability for this latter type occurrence was to be excluded from the policy, it could have been clearly stated.

Accordingly, the judgment of the appellate court is affirmed, and the cause is remanded to the circuit court of Cook County for further proceedings not inconsistent with the views expressed herein.

*Affirmed and remanded,*
*with directions.*